IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL TIMOTHY SHOCKLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A.No. |
| | : | |
| GOVERNOR RUTH ANN MINNER, | : | 06-478 |
| individually; and COLONEL THOMAS F. | : | |
| MACLEISH in his official capacity | : | |
| as the Superintendent, Delaware | : | |
| State Police; and DIVISION OF STATE | : | Jury Trial Demanded |
| POLICE, DEPARTMENT OF SAFETY AND | : | |
| HOMELAND SECURITY, STATE OF | : | |
| DELAWARE, | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

1. This is a civil action to remedy intentional gender discrimination by the Governor of the State of Delaware which proximately lead to the failure to promote plaintiff to the rank of Sergeant. Plaintiff seeks detailed judicial inquiry under intermediate or strict scrutiny analysis to insure that his personal right to equal protection of the laws is upheld, that discrimination odious to our nation's principles of equality is halted and an award of compensatory and punitive damages and injunctive relief because of invidious gender discrimination against him. The Governor has denied plaintiff's right to be free of gender discrimination in violation of the Fourteenth

-1-

Amendment of the U.S. Constitution. Plaintiff was vetoed for promotion to the rank of Sergeant on the orders of the Governor because he was a male and she wanted a female to head her security detail. Plaintiff has direct and circumstantial evidence that animosity towards men was the reason the Governor vetoed his promotion.

## I.   JURISDICTION

2.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), 28 U.S.C. §§ 2201 and 2202, and the Fourteenth Amendment to the U.S. Constitution. The cause of action arises under 42 U.S.C. § 1983. The claim arose in this judicial district.

## II.   THE PARTIES

3.  Plaintiff is a citizen of the United States and a resident of Delaware.

4.  Ruth Ann Minner is currently the duly elected female Governor of the State of Delaware having assumed office in January, 2001. She is sued only in her individual capacity for money damages and other relief.

5.  Colonel Thomas F. MacLeish is currently the Superintendent of the Delaware State Police and its highest ranking officer. He is sued only in his official capacity for injunctive relief.

6.  Defendant Division of State Police, Department of Safety

and Homeland Security, State of Delaware ("State Police") is an agency of the State of Delaware, which is only joined in this action for purposes of collecting attorneys' fees and costs.

### III. **FACTS GIVING RISE TO THE ACTION**

7. Plaintiff is a 14 year veteran of the State Police. He currently holds the rank of Corporal 2 and is assigned to patrol at Troop 5 in Bridgeville, Delaware.

8. He previously served on the Governor's Executive Protection Service Unit from December 2000 to May 2005, where he distinguished himself. He also graduated from the Dignitary Protection School in June 2001.

9. In 2001 he tested for promotion to the rank of Sergeant and he was found to be qualified. He then was placed on promotion Band D.

10. In September 2004 now retired Colonel L. Aaron Chaffinch decided to promote three corporals from Band D to the rank of Sergeant: (A) plaintiff, who was being promoted to become the Non-Commissioned Officer in Charge ("NCOIC")of the Executive Protection Service Unit, which protects the Governor; (B) Douglas B. Hudson, who was being promoted to road sergeant; and (C) Harlan R. Blades, who also was being promoted to road sergeant.

11. In September 2004 Chaffinch and now retired Secretary of the Department of Safety and Homeland Security, James L. Ford Jr., met with the Governor to obtain her approval for these three

promotions.

12. The Governor then vetoed the promotion of plaintiff and stated "Not in this Unit you're not. I have the first female Executive Protection leader and that's how its going to be."

13. At the time a less qualified and unpromotable female Trooper, not found on promotion Band D, was serving as the acting NCOIC of the Unit. The Governor was referring to this female, who at the time was the only female serving as an Executive Protection head for any Governor in the entire United States.

14. Eventually that female Trooper tested for Sergeant after the existing Band D expired at the end of December 2004. She then was promoted by the Governor to Sergeant in August of 2005 and became the permanent female NCOIC of the Unit which protects the Governor. But, unlike plaintiff, she never has graduated from the Dignitary Protection School, which Standard Operating Procedures of the Delaware State Police make a job requirement for the position of NCOIC of the Unit.

15. As a direct and proximate result of the actions of the defendants as detailed herein, plaintiff has suffered lost wages, earnings and benefits, he will suffer diminished earning capacity and receive less pension and other benefits now and upon his retirement, decreased employment and earnings opportunities, and other pecuniary losses, emotional pain, suffering, disappointment, anger, inconvenience, mental anguish, loss of

enjoyment of life, mental and physical pain, anguish, humiliation, embarrassment, injury to reputation, and other non-pecuniary losses and injury.

### IV. ALLEGATIONS REGARDING THE DEFENDANTS' CONDUCT

16. The individual defendant's actions violated clearly established federal constitutional rights of which any official would have known, including decades of Third Circuit case law prohibiting gender discrimination against public employees.

17. At all times material hereto the individual defendant participated in, authorized, and sanctioned the federal constitutional deprivations described above.

18. At all times material hereto the individual defendant and her agents were acting under color of law. The federal constitutional deprivations described herein are fairly attributable to the State.

19. The actions of the defendants and their agents or employees were deliberately, intentionally, willfully, purposefully, and knowingly done in violation of federal constitutional rights and because of the exercise of those rights.

20. The defendants either knew or showed a negligent or reckless disregard for the matter of whether their conduct violated federal constitutional rights.

21. Their actions were outrageous and taken with evil

motive, in bad faith, out of personal animus and without any reasonable grounds to support them.

22. Their actions were wanton and malicious or taken with reckless indifference to federal constitutional rights.

23. The exercise of rights under the U.S. Constitution made a difference in all actions adverse to plaintiff.

24. The exercise of these rights was a motivating, substantial or determinative factor in all actions adverse to plaintiff.

25. The defendants did not reasonably believe that the actions they took were necessary to accomplish any legitimate governmental purpose.

26. The defendants' actions were motivated by bias, bad faith, and improper motive.

27. The defendants' actions constitute an abuse of governmental power.

28. The defendants' actions do not further any narrowly drawn important, substantial or compelling governmental interest.

29. The defendants' actions are not so reasonable as to further any governmental interest asserted and do not closely fit the goal of serving those governmental interests.

**COUNT I (PROMOTION)**

30. Plaintiff repeats and realleges paragraphs 1 - 29 set out above.

### A.   DIRECT EVIDENCE ANALYSIS

31. Plaintiff has direct evidence of gender discrimination against him.  Such statements or other evidence reflect a discriminatory bias against male employees who attempt to head the Executive Service Protection Unit for a female Governor. They provide direct evidence that the decision maker placed substantial negative reliance on an illegitimate criterion in reaching the challenged decision.

32.  Alternatively, impermissible gender based factors, as well as permissible factors, were considered in the decision making process.

33.  Plaintiff is within a protected gender group, that is, he is male.

34.  His promotion was vetoed.

35.  His gender was the motivating, determinative or even the sole reason why he was not promoted.

36.  The defendants cannot prove by a preponderance of the evidence that if they had not used gender based or suspect classifications they still would not have promoted plaintiff.

### B.   PRETEXT ANALYSIS

37.  Plaintiff was qualified for promotion to Sergeant and to be the NCOIC of the Unit.

38.  At all times material hereto he was a diligent, honest, and loyal employee who always performed his job in an exemplary

manner.

39.  Plaintiff sought promotion to Sergeant.

40.  A vacancy for promotion to sergeant existed.

41.  Plaintiff is male.

42.  The promotion was vetoed by a female Governor so that she could ultimately place a less qualified female in the position for which plaintiff had been selected.

43.  Any legitimate non-discriminatory reason offered by the defendants for their actions is a pretext for intentional and purposeful discrimination based on gender.  Any reason offered by the defendants is unworthy of credence since plaintiff can demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the proffered legitimate reasons that a reasonable fact finder can rationally find them unworthy of credence and hence infer that the defendants did not act for the asserted non-discriminatory reason.

44.  Alternatively, plaintiff can demonstrate pretext because the natural probative force of all direct and circumstantial evidence establishes that it is more likely than not that a motivating or determinative cause of the adverse employment actions was the gender of the plaintiff.

   (a).  **CIRCUMSTANTIAL AND DIRECT EVIDENCE OF INTENT**

45.  The circumstantial and direct evidence of intent proves invidious discriminatory purpose.

46. There are numerous examples of direct evidence which through words or actions reveal the discriminatory purpose of the Governor in favoring a female employee for the promotion at issue. For example, the statement found in paragraph 12 above, by its context and inflection, reflects discriminatory animus against males.

47. Additionally, the specific sequence of events leading up to the challenged promotion also evidences discriminatory intent.

48. Also, in the handling of this promotion there were departures which occurred from the normal procedural sequence.

49. Moreover, the female who was ultimately promoted into the position at issue had markedly less educational qualifications for the job.

50. Her promotion even violated the written Standard Operating Procedures of the Delaware State Police because she did not possess an educational certificate in dignitary protection, with related training.

51. Given the totality of the circumstances, a reasonable fact-finder could conclude that the defendants intentionally treated plaintiff less favorably than others because of his gender.

52. Plaintiff was illegally denied a promotion because of his gender.

53. Plaintiff's constitutional right to the equal protection of the law and to be free of gender discrimination has been denied under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C.§ 1983.

**Wherefore**, plaintiff prays that the Court:

I. Enter judgment against the defendants.

II. Enter a declaratory judgment declaring the acts of the defendants to be a violation of plaintiff's constitutional rights.

III. Enter a judgment against the individual defendant for compensatory damages, including lost wages, back pay, pension and other benefits, for future or front pay, loss of earning capacity, emotional distress, humiliation, embarrassment, and injury to reputation.

IV. Enter a judgment against the individual defendant for punitive damages.

V. Issue a mandatory injunction directing defendant MacLeish to promote plaintiff immediately to the rank of Sergeant in the Delaware State Police.

VI. Award front pay until plaintiff can be promoted.

VII. Issue a reparative injunction directing that upon retirement plaintiff's pension and other benefits be calculated as if he had been promoted to the

rank of Sergeant in 2004.

VIII. Issue a reparative injunction directing that the Governor place a signed document in plaintiff's personnel file indicating that he was qualified to be promoted to the rank of Sergeant, in 2004, and that but for illegal conduct by the Governor he would have been promoted to that rank on that date, and apologizing to plaintiff for violating his constitutional rights.

IX. Enjoin the defendants from retaliating against plaintiff.

X. Award plaintiff attorney's fees, costs and pre and post judgment interest for this action.

XI. Require such other and further relief as the Court deems just and proper under the circumstances.

**THE NEUBERGER FIRM, P.A.**

/s/Thomas S. Neuberger
**THOMAS S. NEUBERGER, ESQUIRE** (#243)
**STEPHEN J. NEUBERGER, ESQUIRE** (#4444)
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@neubergerlaw.com
SJN@neubergerlaw.com

Attorneys for Plaintiff

Dated: August 4, 2006
Shockley/PLEADINGS/COMPLAINT Final.wpd

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

06-478

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CORPORAL TIMOTHY SHOCKLEY

**DEFENDANTS**
RUTH ANN MINNER; COL. THOMAS F. MACLEISH; DIVISION OF STATE POLICE and DEPARTMENT OF SAFETY AND HOMELAND SECURITY, STATE OF DE

(b) County of Residence of First Listed  **Kent County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Thomas S. Neuberger, Esq.
The Neuberger Firm, P.A., 2 East 7th Street,
Suite 302, Wilmington, DE 19801

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |     Liability / ☐ 365 Personal Injury — |    of Property 21 USC 881 |    28 USC 157 | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
|     & Enforcement of Judgment |     Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights |     Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |     Liability    Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
|     Student Loans | ☐ 340 Marine / **PERSONAL PROPERTY** |    Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
|     (Excl. Veterans) | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other | |    Exchange |
| ☐ 153 Recovery of Overpayment |     Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
|     of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | | |     12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract |     Product Liability / ☐ 385 Property Damage |    Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury    Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| | | ☐ 730 Labor/Mgmt.Reporting | |     Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate |     & Disclosure Act | ☐ 900Appeal of Fee |
| ☐ 220 Foreclosure | ☒ 442 Employment    Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |     Determination Under |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/    Habeas Corpus: | | |     Equal Access to Justice |
| ☐ 240 Torts to Land |     Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | |     or Defendant) |     State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 890 Other Statutory Actions |
| | ☐ 550 Civil Rights |     Security Act |     26 USC 7609 | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is a civil action for compensatory and punitive damages and for injunctive relief for violation of plaintiff's right to equal protection and the right to be free of gender discrimination under the Fourteenth Amendment of the U.S. Constitution.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE **NONE**
DOCKET NUMBER _____

DATE  8/4/06
SIGNATURE OF ATTORNEY OF RECORD  Thomas S. Neuberger

FOR OFFICE USE ONLY

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __06-478__

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __4__ COPIES OF AO FORM 85.

__AUG 0 4 2006__  __C Hertzog__
(Date forms issued)  (Signature of Party or their Representative)

__Cheryl Hertzog__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action