IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORPORAL TIMOTHY SHOCKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-478-*** |
| | ) |
| GOVERNOR RUTH ANN MINNER, | ) |
| individually; and COLONEL THOMAS F. | ) |
| MACLEISH in his official capacity as the | ) |
| Superintendent, Delaware State Police; and | ) |
| DIVISION OF STATE POLICE, | ) |
| DEPARTMENT OF SAFETY AND | ) |
| HOMELAND SECURITY, STATE OF | ) |
| DELAWARE. | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS**

    Barry M. Willoughby, Esquire (Bar I.D. 1016)
    William W. Bowser, Esquire (Bar I.D. 2239)
    YOUNG CONAWAY STARGATT & TAYLOR, LLP
    The Brandywine Building, 17th Floor
    1000 West Street, P.O. Box 391
    Wilmington, Delaware 19899-0391
    Telephone: (302) 571-6666; 6601
    Facsimile: (302) 576-3345; 3282
    bwilloughby@ycst.com; wbowser@ycst.com
    Attorneys for Defendant Governor Ruth Ann Minner

    Ralph K. Durstein, III (Bar I.D. 912)
    STATE OF DELAWARE, DEPARTMENT OF JUSTICE
    Deputy Attorney General
    Carvel State Office Building
    820 North French Street
    Wilmington, DE 19801
    Telephone: (302) 577-8510
    Facsimile: (302) 577-6499
    Ralph.durstein@state.de.us
    Attorneys for Colonel Thomas F. MacLeish and Division
    of State Police, Department of Safety and Homeland
    Security, State of Delaware

DATED: July 16, 2007

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

ARGUMENT ..................................................................................................................................... 1

I.   THE PRESENT CLAIM IS TIME-BARRED BECAUSE IT WAS FILED MORE THAN TWO YEARS AFTER THE ALLEGED ADVERSE EMPLOYMENT ACTION OCCURRED. ........................................................................................................... 1

    A.   Shockley Admits That His Claim Accrued at the Time of the Alleged Adverse Employment Decision, In September 2003. ........................................... 1

    B.   Shockley Admits That He Knew of the Alleged Injury By December 2003. ........ 2

    C.   What Information Shockley Claims to Have Later Acquired Is Irrelevant to a Statute of Limitations Analysis. ................................................................... 3

II.  THE "EXTRAORDINARY" DOCTRINE OF EQUITABLE TOLLING CANNOT SAVE SHOCKLEY'S "RUN-OF-THE MILL" PROMOTION CLAIM. ......................................................................................................................... 4

    A.   Shockley Cannot Demonstrate the Requisite Concealment ................................ 5

    B.   Shockley's Failure to Act Diligently Precludes the Limitations Period From Being Tolled. ............................................................................................ 6

CONCLUSION ................................................................................................................................. 8

## TABLE OF AUTHORITIES

**Cases**

Bishop v. N.J.,
  114 Fed. Appx. 236 (3d Cir. 2005) ..................................................................3

Bouman v. Block,
  940 F.2d 1211 (9th Cir. 1991)..........................................................................3

Bronze Shields, Inc. v. N.J. Dep't of Civil Serv.,
  667 F.2d 1074 (3d Cir. 1980)...........................................................................3

Bryers v. Follmer Trucking Co.,
  763 F.2d 599 (3d Cir. 1985).............................................................................5

Celestine v. Petroleos de Venezuela,
  266 F.3d 343 (5th Cir. 2001)............................................................................1

Hanani v. N.J. Dep't of Envtl. Protection,
  205 Fed. Appx. 71 (3d Cir. 2006) ................................................................3, 7

Harper v. Ct. of Common Pleas of Phila.,
  C.A. No. 99-4906,
  2000 U.S. Dist. LEXIS 7252 (E.D. Pa. 2000)..................................................6

Harris v. N.Y.,
  186 F.3d 243 (2d Cir. 1999).............................................................................3

Hood v. N.J. Dep't of Civil Serv.,
  680 F.2d 955 (3d Cir. 1982).............................................................................3

Montgomery v. De Simone,
  159 F.3d 120 (3d Cir. 1998).............................................................................1

Moody v. Kearney,
  380 F. Supp. 2d 393 (D. Del. 2005) .................................................................5

Moore v. NYC Transit Auth.,
  385 F. Supp. 2d 248 (S.D.N.Y. 2005) ..............................................................3

Oshiver v. Levin, Fishbein, Sedran & Berman,
  38 F.3d 1380 (3d Cir. 1994).............................................................................4

Santa Maria v. Pacific Bell,
  202 F.3d 1170 (9th Cir. 2000)..........................................................................7

Seitzinger v. Reading Hosp. & Med. Ctr.,
    165 F.3d 236 (3d Cir. 1999)..................................................................................5

Tomlinson v. George,
    133 N.M. 69  (N.M. Ct. App. 2002)......................................................................7

U.S. v. Midgley,
    142 F.3d 174 (3d Cir. 1998)..................................................................................5

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................5

# ARGUMENT

I. **THE PRESENT CLAIM IS TIME-BARRED BECAUSE IT WAS FILED MORE THAN TWO YEARS AFTER THE ALLEGED ADVERSE EMPLOYMENT ACTION OCCURRED.**

For the purposes of the present Motion to Dismiss, all of the relevant facts are undisputed. Plaintiff concedes the following:

- The present claim is governed by a two-year statute of limitations. (D.I. 20 at 7 n.2).

- The two-year limitations period accrued when Shockley knew or should have known that the alleged adverse action occurred. (D.I. 20 at 6).

- The alleged adverse action occurred in September 2003 when the decision was made not to promote Shockley. (D.I. 20 at 10 ¶B).

- The promotion eligibility list from which Shockley could have been promoted expired on December 31, 2003. (D.I. 20 at 3 ¶G).

- Upon expiration of the eligibility list, Shockley knew he was subject to the claimed adverse action, i.e., the failure to promote. (D.I. 20 at 3 ¶G).

- Shockley commenced the present action on August 4, 2006. (D.I. 1).

Based on these undisputed facts, the statute of limitations for Shockley's failure-to-promote claim expired, at the latest, on December 31, 2005, two years after he learned that he would not be promoted. Shockley did not file his claim until August 2006, the limitations period expired.

**A. Shockley Admits That His Claim Accrued at the Time of the Alleged Adverse Employment Decision, In September 2003.**

A Section 1983 claim accrues upon the occurrence of the injury for which the plaintiff seeks redress. See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998). The injury occurs when the alleged adverse employment decision is made. See, e.g., Celestine v. Petroleos de Venezuela, 266 F.3d 343 (5th Cir. 2001). Shockley claims that the adverse employment

1

decision was made in September 2003 when his promotion was "vetoed."[1]  Accordingly, Shockley's cause of action accrued at the time of the alleged decision in September 2003. Shockley filed his claim in August 2006, after the two-year limitations period expired.  His claim is, therefore, subject to dismissal.

> **B.    Shockley Admits That He Knew of the Alleged Injury By December 2003.**

In his Answering Brief, Shockley first argues that his Complaint is not time-barred because "[h]e *never knew* of the adverse action . . . [i.e.,] that he had been denied promotion."[2] (D.I. 20 at 7) (emphasis supplied).  Shockley has apparently abandoned this illogical argument. In his brief, he now argues that he could not have known that he would not be promoted until he learned about the promotion of another candidate. (D.I. 20 at 6).  It is unclear why Shockley has chosen to focus on the promotion of only this one employee.  By that time, Shockley had known about the promotions of several male employees for nearly two years. (D.I. 17 at ¶ 10).

Despite his knowledge of these other promotions, Shockley attempts to spin the facts to push back the date of accrual.  This attempt is both factually and legally unavailing.  Shockley completely ignores the binding precedent of this Circuit.  Indeed, he fails not only to address the controlling case law in any fashion but also to provide any legal authority to support his theory.

The courts of this and other circuits have consistently held that a plaintiff-employee is deemed to have discovered his injury when he becomes ineligible for promotion.  See Bishop v.

---

[1] (D.I. 20 at 9, ¶B) ("[T]he adverse action being specifically challenged is the . . . refusal to promote him to the rank of sergeant . . . in September 2003"); (D.I. 20 at 10, ¶B) ("The precise unlawful employment practice being challenged by plaintiff is the . . . veto of his promotion . . . [, which] occurred in September 2003.").

[2] (D.I. 20 at 7).  ("[O]ne cannot challenge the denial of a promotion that one does not know exists.").  It is perplexing, to say the least, how Plaintiff was able to file and can now pursue a claim based on an action that he "never knew" occurred.

N.J., 114 Fed. Appx. 236, at *9 (3d Cir. 2005) (citing Bronze Shields, Inc. v. N.J. Dep't of Civil Serv., 667 F.2d 1074, 1083-83 (3d Cir. 1980) (holding that the limitations period began to run when the plaintiff learned that she was not on the eligibility roster and, consequently, could not be promoted)); Hood v. N.J. Dep't of Civil Serv., 680 F.2d 955, 959 (3d Cir. 1982) (finding that the limitations period began to run upon expiration of the promotion list); Harris v. N.Y., 186 F.3d 243, 247-48 (2d Cir. 1999); Bouman v. Block, 940 F.2d 1211, 1221 (9th Cir. 1991).[3]  As recently as last year, the Third Circuit reiterated the well-settled proposition that, once the employee learns that he is no longer eligible for promotion, he is deemed also to know that he has been denied the promotion.  Hanani v. N.J. Dep't of Envtl. Protection, 205 Fed. Appx. 71, *76 (3d Cir. 2006).

Since Shockley admits that he knew he was no longer eligible for promotion in December 2003 when the eligibility list expired, his cause of action accrued no later than that date.  (D.I. 20 at 3, ¶G).

### C. What Information Shockley Claims to Have Later Acquired Is Irrelevant to a Statute of Limitations Analysis.

The only date relevant to the present analysis is the date upon which Shockley first learned that he would not be promoted.  The date when he learned that one of the sergeant positions was offered to a different candidate is irrelevant.  See, e.g., Moore v. NYC Transit Auth., 385 F. Supp. 2d 248 (S.D.N.Y. 2005) (holding that the date upon which the plaintiff

---

[3] These and several other cases were cited in Defendants' Opening Brief as support for the well-established proposition that a plaintiff becomes aware of his injury when he becomes ineligible for promotion.  (D.I. 19).  Plaintiff did not dispute or distinguish even one of these cases, however, in his Answering Brief.  (D.I. 20).  Perhaps this conspicuous omission explains why Plaintiff continues to pursue a position that directly contradicts such a vast body of case law.  This omission may also explain why Plaintiff fails to cite even a single legal authority, from this jurisdiction or elsewhere, that would provide the Court with the requisite precedent to break from such a well-settled decisional history.

learned that one of the positions he sought had been filled was irrelevant to a statute of limitations accrual analysis). It makes no difference when, or even if, a plaintiff later discovers who was chosen instead for promotion. See, e.g., Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994) (holding that the date upon which the plaintiff learned that the desired position had been filled by a candidate outside of her protected class was irrelevant). Shockley knew or should have known of his alleged injury, at the latest, on December 31, 2003. Once the eligibility list expired, he could no longer be considered for or awarded a promotion.

Therefore, accrual depends only on the date when Shockley first learned that *he* had not been selected for promotion. Upon discovering that he would not be promoted, Shockley is imputed with knowledge of the claimed adverse employment action. And, as set forth in Plaintiff's Answering Brief, "the date on which the plaintiff discovers that he . . . has been injured" is the date his claim accrues. (D.I. 20 at 5, 6) (citing Oshiver, 38 F.3d at 1385, 1386).

There can be no dispute that Shockley learned of his alleged injury (i.e., the failure to promote), by December 31, 2003, at the latest. On that date, the eligibility list expired and Shockley could no longer be promoted. (D.I. 20 at 3, ¶G) ("On December 31, 2003, plaintiff's eligibility promotion expired."); (D.I. 20 at 2, ¶A) (". . . plaintiff's eligibility for promotion, was set to expire on December 31, 2003."). His cause of action accrued at that time. This action was not commenced until August 2006, more than eight months after the limitations period expired. The claim, therefore, is properly subject to dismissal. Fed. R. Civ. P. 12(b)(6).

## II. THE "EXTRAORDINARY" DOCTRINE OF EQUITABLE TOLLING CANNOT SAVE SHOCKLEY'S "RUN-OF-THE MILL" PROMOTION CLAIM.

In his Answering Brief, Shockley argues, for the first time, that his claim is preserved by the doctrine of equitable tolling. (D.I. 20). Yet, Shockley's own words make clear that the doctrine is inapplicable. The doctrine of equitable tolling is to be used sparingly, only when

"extraordinary circumstances" exist. Moody v. Kearney, 380 F. Supp. 2d 393, 397-98 (D. Del. 2005). By Shockley's own admission, his claim involves nothing close to "extraordinary circumstances." Instead, according to Shockley, his "is a typical, run-of-the-mill promotion case where a specific promotion is being challenged." (D.I. 20 at 10, ¶C).

### A. Shockley Cannot Demonstrate the Requisite Concealment

The Third Circuit follows the Supreme Court's cautionary directive to "sparingly" invoke the doctrine of equitable tolling. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999); U.S. v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998). And, in light of this directive, it is the plaintiff who has the burden to establish the facts necessary to justify equitable tolling. Bryers v. Follmer Trucking Co., 763 F.2d 599, 600-601 (3d Cir. 1985). Shockley has failed to establish any such facts.

The doctrine of equitable tolling may be applied only if the defendant has actively misled the plaintiff about the adverse action and "this deception caused the plaintiff's non-compliance with the limitations period." Oshiver, 38 F.3d at 1387. In an attempt to fit within this definition, Shockley claims that Defendants "actively misled" him about the "very existence of the promotion opportunity." (D.I. 20 at 8). This argument is simply a play on words. It cannot be disputed that Shockley knew that he would not be promoted, at the latest, when the eligibility list expired on December 31, 2003. At that time, there could have been no hiding the fact that he would not be promoted to sergeant.

Instead, Shockley claims, on one hand, that he "never" learned about the promotion and that this could somehow be attributed to an affirmative attempt by Defendants to hide the "very existence" of the promotion. (D.I. 20 at 7). On the other hand, Shockley admits that he knew that he would not receive a promotion when the eligibility list expired. Once Shockley knew that

he could not be promoted, he is deemed to have known of the injury and, at that time, his cause of action accrues.

It is irrelevant whether he "ever" learned about the promotion of another employee. The controlling case law limits the analysis to the alleged wrong done to Shockley. There can be no dispute that any such wrong was discovered, at the latest, on December 31, 2003, when Shockley was removed from consideration for future promotion.

The doctrine of equitable tolling does not apply where, such as here, the plaintiff admits that he learned of the alleged wrong but failed to take action during the applicable limitations period. Shockley had the opportunity to take legal action within the two-year statute of limitations. Instead, he chose to do nothing until the after limitations period expired.

    **B.**    **Shockley's Failure to Act Diligently Precludes the Limitations Period From Being Tolled.**

To invoke the doctrine of equitable tolling, a plaintiff must employ "reasonable diligence" to discover the essential information about his claim. See <u>Harper v. Ct. of Common Pleas of Phila.</u>, C.A. No. 99-4906, 2000 U.S. Dist. LEXIS 7252 (E.D. Pa. 2000). Here, Shockley was not sufficiently diligent to justify the application of equitable tolling. According to Shockley, he was told, in no uncertain terms, that he was not promoted as a direct result of discriminatory motives. He received this "previously unknown" information by merely asking his former superior. (D.I. 17 at ¶¶19-20).

Yet, even after his superior was inspired to "come clean" and relieve his "troubled conscience," Shockley failed to take any action in response. (D.I. 17 at ¶¶ 19-27). He claims that he was told outright in April or May 2005 that he was not been promoted "because of his gender." (D.I. 17 at ¶27). At that time, Shockley was well within the limitations period. There

were still approximately eight months before the limitations period expired on December 31, 2005.

Instead of taking any action in response to this information, Shockley chose to do nothing. He did not commence this action until more than a year later. (D.I. 1). Though Shockley now alleges that Defendants concealed the "very existence" of the promotion, any such concealment does not protect a plaintiff when "an adequate time remains after discovery within which to file an action and the [plaintiff] fails to exercise ordinary diligence to file within that time period." Tomlinson v. George, 133 N.M. 69, 72 (N.M. Ct. App. 2002). The doctrine of equitable tolling provides no relief to the potential plaintiff who fails to take prompt legal action even after learning the essential facts of his claim. Hanani v. N.J., 205 Fed. Appx. at *71. Shockley's inaction further demonstrates his inexcusable failure to use reasonable diligence in pursuing his claim.

The doctrine of equitable tolling may not be invoked by a plaintiff who, "within the limitations period, has sufficient information to know of the possible existence of a claim." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1179 (9th Cir. 2000). To permit Shockley to sit on his claim for more than sixteen months after receiving such "shocking" and "surprising" information would, in Judge Posner's words, "trivialize the statute of limitations by the promiscuous application of tolling doctrines." Id. (internal citations omitted). Shockley's failure to act diligently even after he claims to have acquired knowledge of the alleged wrongdoing prevents the application of the equitable tolling doctrine.

## CONCLUSION

For the reasons set forth in the brief above, Defendants respectfully request that Plaintiff's Complaint be dismissed in its entirety.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Barry M. Willoughby
Barry M. Willoughby, Esquire (Bar I.D. 1016)
William W. Bowser, Esquire (Bar I.D. 2239)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6666; 6601
Facsimile: (302) 576-3345; 3282
bwilloughby@ycst.com; wbowser@ycst.com
Attorneys for Defendant Governor Ruth Ann Minner

STATE OF DELAWARE, DEPARTMENT OF JUSTICE

/s/ Ralph K. Durstein
Ralph K. Durstein, III (Bar I.D. 912)
Deputy Attorney General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
Telephone:  (302) 577-8510
Facsimile:  (302) 577-6499
Ralph.durstein@state.de.us
Attorneys for Colonel Thomas F. MacLeish and Division of State Police, Department of Safety and Homeland Security, State of Delaware

DATED:  July 16, 2007