```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

CORPORAL TIMOTHY SHOCKLEY,           :
                                     :
        Plaintiff,                   :
                                     :
    v.                               :  Civil Action No. 06-478 JJF
                                     :
GOVERNOR RUTH ANN MINNER,            :
individually; and COLONEL THOMAS     :
F. MACLEISH in his official          :
capacity as the Superintendant,      :  Jury Trial Demanded
Delaware State Police; and           :
DIVISION OF SAFETY AND HOMELAND      :
SECURITY, STATE OF DELAWARE          :
                                     :
        Defendants.                  :
```

Thomas S. Neuberger, Esquire and Stephen J. Neuberger, Esquire of THE NEUBERGER FIRM, P.A., Wilmington, Delaware.

Attorneys for Plaintiff.

Barry M. Willoughby, Esquire and William W. Bowswer, Esquire of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware.
Ralph K. Durstein, III, Esquire of THE STATE OF DELAWARE, DEPARTMENT OF JUSTICE, Wilmington, Delaware.

Attorneys for Defendants.

**MEMORANDUM OPINION**

July 10, 2008

*Joseph J. Farnan*
Farnan, District Judge

Pending before the Court is Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)(D.I. 18). For the reasons discussed, the Court will deny Defendants' motion.

I.  **BACKGROUND**

On August 4, 2006, Plaintiff Senior Corporal Timothy Shockley, ("Corporal Shockley"), filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 1.) Corporal Shockley has since filed a First Amended Complaint. (D.I. 17.) The case was initially assigned to the Honorable Kent A. Jordan. Following Judge Jordan's elevation to the Court of Appeals for the Third Circuit, the case was reassigned to this Court on February 1, 2008.

Corporal Shockley, a fourteen-year veteran of the Delaware State Police ("the State Police"), served in the Executive Protection Service Unit ("EPSU"), which protects the Governor, Defendant Ruth Ann Minner ("The Governor")(D.I. 17 at ¶ 7-8.) By his Amended Complaint, Corporal Shockley alleges that he had qualified by examination to be considered for a round of internal promotions, announced in June 2001, and placed on promotion Band D (D.I. 17 at ¶ 9.) He alleges that he was eligible for promotion to the rank of Sergeant until promotion Band D expired on December 31, 2003. (D.I. 17 at ¶ 17.) Corporal Shockley further alleges that then-Superintendent of the Delaware State

1

Police, Colonel L. Aaron Chaffinch ("Colonel Chaffinch"), had recommended him both for promotion to the rank of Sergeant and to become the Non-Commissioned Officer-in-Charge of the EPSU ("NCOIC")(D.I. 17 at ¶ 10.)  Corporal Shockley alleges that, in September 2003, Colonel Chaffinch, and Secretary of the Department of Safety and Homeland Security, James L. Ford Jr., met with the Governor for the purpose of obtaining her approval for three promotions, including Corporal Shockley's ("The September 2003 meeting"). (D.I. 17 at ¶ 11.)  Corporal Shockley alleges that at this meeting, the Governor vetoed his promotion, stating "I have the first female Executive Protection leader, and that's how it's going to be." (D.I. 17 at ¶ 12.)  Corporal Shockley alleges that the Governor was referring in that statement to a "less qualified and unpromotable female Trooper" who was then serving as acting NCOIC. (D.I. 17 at ¶ 14.) Corporal Shockley alleges that the participants in the September 2003 meeting made a conscious decision to keep the Governor's statement and the reason Corporal Shockley was not promoted a secret (D.I. 17 at ¶ 15.)  He alleges that this decision was made to avoid discontent among the Delaware State Troopers Association, the risk of a gender discrimination lawsuit, and negative publicity in the Delaware media.  (D.I. 17 at ¶ 16.)

Corporal Shockley alleges that his eligibility for promotion from the Band D list expired on December 31, 2003 (D.I. 17 at ¶

2

17).  He alleges that in April or May of 2005, shortly before Colonel Chaffinch retired as Superintendent of the State Police, Corporal Shockley asked Colonel Chaffinch why he had not been promoted above the rank of corporal. (D.I. 17 at ¶ 19.)  Colonel Chaffinch then allegedly told Corporal Shockley about the September 2003 meeting, the decision to fill the position of NCOIC on a permanent basis, and that the Governor vetoed his promotion so that she could later promote a female trooper who was the acting NCOIC. (D.I. 17 at ¶¶ 19-24.)  Corporal Shockley alleges that his April/May 2005 conversation with Colonel Chaffinch was the first time he discovered, or even suspected, that the position of NCOIC would be filled on a permanent basis, or that he had been denied promotion allegedly on the basis of his gender. (D.I. 17 at ¶ 26-27.)

Corporal Shockley alleges that later, in August 2005, the acting NCOIC was promoted to Sergeant and appointed the NCOIC on a permanent basis, even though, unlike Corporal Shockley, she had allegedly not fulfilled the job requirement of graduating from the Dignitary Protection School. (D.I. 17 at ¶ 18.)

On August 4, 2006, Corporal Shockley filed his Complaint, which he amended on May 29, 2007.  The Amended Complaint alleges that he was wrongfully denied promotion to the rank of Sergeant on the basis of his gender. (D.I. 17 at ¶ 1.).  However, Corporal Shockley makes a distinction between the denial of his

3

promotion to the rank of Sergeant, generally, and his possible appointment to become NCOIC. (D.I. 17 at ¶ 26-27.) On June 21, 2007, Defendants filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that Corporal Shockley's claims are time-barred by the applicable statute of limitations. (D.I. 18.)

## II. Standard of Review

### A. Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss tests the sufficiency of the complaint's allegations. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When reviewing a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed.R.Civ.P. 8. A plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief.

4

Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Twombly at 1965 (citations omitted). Therefore, " 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips at 235 (quoting Twombly, 127 S.Ct. at 1965 n. 3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234.

### III. Discussion

The statute of limitations for claims filed pursuant to § 1983 is the same as that for personal injury torts in the state where the alleged discrimination occurred. Wallace v. Kato, 127 S.Ct. 1091, 1094 (2007). Delaware provides a two year statute of limitations in such cases. 10 Del.C. § 8119. Under the discovery rule, the beginning of the limitations period in a federal action "is not the plaintiff's actual knowledge of injury, but rather whether the knowledge was known, or through the exercise of reasonable diligence, knowable to the plaintiff." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994). A limitations period which has already accrued may be

equitably tolled in three circumstances: 1) where the defendant actively misled the plaintiff such that facts underlying the plaintiff's cause of action were unknowable; 2) where the plaintiff has been prevented from asserting his rights in some extraordinary way; or 3) where the plaintiff asserted his rights in a timely manner, but in the wrong forum. <u>Id</u>. at 1387. Both the discovery rule and the doctrine of equitable tolling require a plaintiff to exercise reasonable diligence in attempting to uncover the existence of injury. <u>Id</u>. at 1390.

The Third Circuit has held that the expiration of an eligibility list gives a potential plaintiff clear notice that he will not be promoted. <u>See</u> <u>Hood v. New Jersey Dept. Of Civil Service</u>, 680 F.2d. 955 (3d Cir. 1982)(holding that the failure-to-promote claims of New Jersey police officers were time-barred because the 180-day limitations period had accrued upon the expiration of the promotion eligibility list.). Defendants argue that Corporal Shockley's action is time-barred because the limitations period for him to file a claim under § 1983 expired on December 31, 2005, two years after Corporal Shockley's eligibility for promotion on Band D expired. In response, Corporal Shockley contends that his filing of this action was timely under the discovery rule since the content of the September 2003 meeting was unknown, except to the participants, until April or May of 2005, when Corporal Shockley learned of the

6

Governor's alleged discriminatory decision as a result of his conversation with Colonel Chaffinch. Alternatively, Corporal Shockley contends that the action is timely under the doctrine of equitable tolling because Defendants "actively misled and lulled plaintiff into inaction by hiding the very existence of the secret September 2003 promotion." (D.I. 20 at 1).

Corporal Shockley's eligibility for promotion to the rank of Sergeant ended with the expiration of promotion Band D on December 31, 2003. However, contrary to Defendants' contentions, the Court does not read <u>Oshiver</u> to hold that a limitations period *always* begins at the moment a potential plaintiff learns he or she has been denied promotion, regardless of his or her knowledge of the motivations underlying the denial. Rather, the Court reads <u>Oshiver</u> as recognizing that there are "occasions when an aggrieved person does not discover the occurrence of the alleged *unlawful* employment practice until some time after it occurred," and that in those circumstance, the discovery rule postpones the beginning of the limitations period. <u>Oshiver</u>, 38 F.3d at 1386 (emphasis added).

According to Corporal Shockley's allegations, he had no reason to believe, as of December 31, 2003, that the expiration of his eligibility for promotion represented an illegal act. Corporal Shockley contends that he was unable to discover the allegedly illegal nature of the decision not to promote him until

7

his April/May 2005 conversation with Colonel Chaffinch. If Corporal Shockley can show that, despite his exercise of reasonable diligence, he was initially unable to learn that facts supporting a cause of action existed, the limitations period would accrue only upon his discovery of those facts. Oshiver, 38 F.3d at 1386.

Alternatively, even if the Court were to accept Defendants' contention that the expiration of Band D marked the beginning of the limitations period, the Court concludes that Corporal Shockley's allegations are sufficient to support his invocation of the doctrine of equitable tolling. Specifically, Corporal Shockley alleges that Defendants intentionally concealed the reasons for denying him promotion, and misled him into thinking that the allegedly illegal employment action was for taken for valid, non-actionable reasons. In these circumstances, the limitations period would be tolled until Corporal Shockley was able, through the exercise of reasonable diligence, to discover the allegedly concealed information.

To benefit from the application of either the discovery rule or the doctrine of equitable tolling, however, Corporal Shockley must demonstrate that reasonable diligence could not have uncovered his cause of action until at least August of 2004, which would be two years before he filed his Complaint. Oshiver, 38 F.3d at 1390. Whether Corporal Shockley can meet this burden

8

is a factual question that the Court cannot resolve as a matter of law in the context of Defendants' motion to dismiss. See Hill v. Equitable Bank, Nat. Assn., 599 F. Supp 1062,1077 (D. Del. 1984) (finding that satisfaction of the doctrine of equitable tolling's due diligence standard was a question of fact) and Hill v. Der, 521 F. Supp. 1370, 1388 (D. Del. 1981)(finding that the discovery rule's due diligence standard presented a question of fact). Accordingly, at this juncture, the Court will deny the Defendants' motion to dismiss.

## IV. Conclusion

For the reasons discussed, the Court will deny Defendants' motion as to Corporal Shockley's claim that he was denied promotion to the rank of sergeant and appointment to the position of NCOIC on the basis of his gender.

An appropriate order will be entered.