IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL TIMOTHY SHOCKLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 06-478-JJF |
| | ) | |
| GOVERNOR RUTH ANN MINNER, | ) | |
| individually; and COLONEL THOMAS F. | ) | |
| MACLEISH in his official capacity as the | ) | |
| Superintendent, Delaware State Police; and | ) | |
| DIVISION OF STATE POLICE, | ) | |
| DEPARTMENT OF SAFETY AND | ) | |
| HOMELAND SECURITY, STATE OF | ) | |
| DELAWARE, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR REARGUMENT OR, ALTERNATIVELY,
CERTIFICATION FOR INTERLOCUTORY APPEAL**

Defendants Governor Ruth Ann Minner, Colonel Thomas MacLeish, in his

official capacity as the Superintendent, Delaware State Police, and Division of State Police,

Department of Safety and Homeland Security, State of Delaware (collectively, "Defendants"), by

and through their undersigned counsel, respectfully request that the Court, pursuant to Federal

Rule of Civil Procedure 59(e) and Local Rule 7.1.5 of the Local Rules of Civil Practice and

Procedure of the District Court, reconsider its decision dated July 10, 2008, and dismiss

Plaintiff's Complaint or, alternatively, pursuant to 29 U.S.C. § 1292(b), amend the Order to

certify that this matter involves a controlling question of law as to which there is a substantial

difference of opinion and that an interlocutory appeal would materially advance the litigation.

The grounds for this motion are as follows:

**BACKGROUND**

1.    Defendants filed a Motion to Dismiss and Opening Brief In Support

Thereof on June 21, 2007, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

1

(D.I. 18, 19).  Plaintiff filed his Answering Brief in Opposition to the Motion on July 6, 2007,

(D.I. 20), to which Defendants replied on July 16, 2007.  (D.I. 21).  The Court denied

Defendants' Motion to Dismiss on July 10, 2008.  (D.I. 22, 23).  The instant Motion is filed

within ten days from the entry of the Court's Order, as provided in Federal Rule of Civil

Procedure 59(e) and Local Rule 7.1.5.[2]

## MOTION FOR RECONSIDERATION

2.      A motion for reconsideration may be granted in three circumstances: (1)

where the court has patently misunderstood a party; (2) where the court has made an error not of

reasoning, but of apprehension; (3) where the court has made a decision outside the scope of the

issues before it.[4]   Reconsideration of the present case is appropriate under the second permissive

circumstance.

3.      Defendants do not seek to reargue their previously asserted position or to

add new facts not previously presented.  Defendants merely assert that the Court "misunderstood

[their position] or has made an error not of reasoning but of apprehension."[5]

4.      Plaintiff admits in his amended pleading that the promotional process for

the rank of sergeant concluded on December 31, 2003.  (D.I. 20 at 3(G)).  Plaintiff admits that he

did not participate in the new promotional process that commenced in 2004.  Thus, any claims

arising from that process are time-barred.

---

[2] Here, the tenth day falls on July 24, 2008. See (D.I. 22, 23) (Court's Opinion and Order, issued on July 10, 2008), and Fed. R. Civ. P. 6 (providing that weekends are not included when calculating a deadline to respond that is less than eleven days).

[4] See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); RLI Ins. Co. v. Indian River Sch. Dist., No. 05-858-JJF, 2008 U.S. Dist. LEXIS 54796, at *3 (D. Del. July 8, 2008).

[5] Kelly v. MBNA Amer. Bank, No. 06-228-JJF, 2007 U.S. Dist. LEXIS 87618, at *8 (D. Del. Nov. 29, 2007) (citing Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1241 (D. Del. 1990)).

5.      In denying Defendants' Motion to Dismiss, the Court found that the doctrine of equitable tolling may be applicable. As set forth below, this decision is inconsistent with case authority decided after Defendants' Motion was submitted to Court. In denying the motion, the Court found that the doctrine of equitable tolling to be applicable. As set forth below, this decision is inconsistent with case authority decided after Defendants' Motion was submitted to the Court.

6.      In 2007, the United States Supreme Court decided <u>Ledbetter v. Goodyear Rubber & Tires Company</u>.[6] The issue in <u>Ledbetter</u> was the viability of a claim for gender-based pay discrimination filed under Title VII. The defendant sought dismissal on the grounds that the statute of limitations had expired prior to the time the plaintiff filed her charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). The plaintiff responded that she could not have discovered the pay disparity until more than twenty years after it first began because she could not access information about similarly-situated male employees. Thus, she alleged, she did not and could not have discovered her "injury" until she could first access the pertinent information.

7.      The Supreme Court rejected the plaintiff's claim and upheld the dismissal. Since the <u>Ledbetter</u> decision, district and circuit courts have employed the same rationale in a variety of other circumstances, including, for example, claims brought pursuant to Section 1983.

8.      One case that applies <u>Ledbetter</u> in the Section 1983 context is <u>Evans v. City of Chicago</u>.[7] The compellingly similar facts in the <u>Evans</u> case demonstrates the type of critical interpretive guidance that was unavailable at the time Defendants filed their Motion to Dismiss.

---

[6] 200 U.S. 321 (2007).

[7] No. 07-2941, 2007 U.S. Dist. LEXIS 87846 (N.D. Ill. Nov. 29, 2007).

9.      In <u>Evans</u>, the plaintiff-employee alleged that he applied for five promotions during a five-year period and that he was not selected for any of them, despite having qualifications far superior to the employees who were promoted.[8]  Evans claimed that City officials actively conspired to prevent his promotion because of his political allegiances.[9]  The City moved to dismiss on the grounds that the plaintiff's complaint was untimely filed more than two years after his fifth and final nonselection.[10]

10.      The plaintiff contended that the discovery rule of accrual saved his claim from dismissal because he could not have discovered his injury due to his inability to access information about those individuals who had been selected.[11]  Alternatively, the plaintiff argued that he could not have discovered his injury due to the defendants' conspiracy to actively conceal the unconstitutional nature of the promotions.[12]  Finally, the plaintiff contended that the equitable-tolling doctrine preserved his claim because the City fraudulently concealed facts that would have given him reason to believe he had suffered an injury.[13]

11.      Evans' first argument was based on his claim that he did not have access to the information about the persons who had been promoted.  Without such information, he argued, he could not have known that his constitutional rights had been violated at the time of the nonpromotion.[14]  Here, Plaintiff alleges that he had no way of knowing that he was not promoted

---

[8] <u>Id.</u> at *2.

[9] <u>Id.</u>

[10] <u>Id.</u> at *6.

[11] <u>Id.</u> at *5-6.

[12] <u>Id.</u> at *6.

[13] <u>Id.</u> at *12.

[14] <u>Id.</u> at *5.

because of his gender. [15]  This was the primary argument asserted by the plaintiff in <u>Ledbetter</u>, as well.  Ledbetter alleged that she had no way to discover that her male coworkers were being paid at a higher rate during her twenty years of employment.

12.    In <u>Evans</u>, the court explained that the very type of argument that Plaintiff now asserts is unsupported by case law, "particularly after <u>Ledbetter v. Goodyear Tire & Rubber Co.</u>, which held that a Title VII plaintiff's claim based on recently received pay was time-barred even though the plaintiff at the time the discriminatory compensation was initiated lacked access to facts supporting a claim."[17]  Applying this authority, the outcome remains the same—Plaintiff's claims are untimely, even though he alleges he was unaware that he was not promoted because of his gender.

13.    <u>Evans</u> also demonstrates why dismissal is appropriate under Plaintiff's second theory.  Evans alleged that the corrupt government colluded to prevent him from learning about the promotions sooner.  He claimed that City officials had conspired to hide its discriminatory hiring practices from those, like Evans, who were not promoted.[18]  Similarly, here Plaintiff claims that he was prevented from discovering the discriminatory motive behind the promotion decisions because of the defendants' intent to conceal such information from him.[19] The <u>Evans</u> court rejected this same type of attempt to avoid the inevitable effect of a long line of cases holding that a plaintiff discovers his injury each time he learned that he was not selected

---

[15] (D.I. 22 at 4).

[17] <u>Evans</u>, 2007 U.S. Dist. LEXIS 87846, at *6.

[18] <u>Id.</u> at *8.

[19] <u>Id.</u>

for promotion, even though he did not learn the reason for his non-selection until sometime later.[20]

14.    Finally, <u>Evans</u> rejected the equitable-tolling argument, which Plaintiff also asserts here.  The equitable-tolling doctrine "denotes efforts by the defendant—above and beyond the wrongdoing upon which the plaintiff's claim is founded—to prevent the plaintiff from suing in time."[21]  In this case, Plaintiff's claim is based on the allegation that the defendants met and secretly decided to promote someone other than Plaintiff and that those same defendants hid their allegedly wrongful decision.

15.    Plaintiff's equitable-tolling argument is based on the claim that he could not have known of the wrongful nature of the non-promotion decision because of the defendants' wrongful decision to hide the information from him.  In other words, Plaintiff alleges that Defendants concealed their discriminatory decisions, thereby tolling the statute of limitations period.  <u>Evans</u> rejected this argument on the ground that "the fraudulent conduct of the defendant is part of the wrongdoing that constitutes the constitutional violation."[22]

16.    To permit "concealment of facts revealing alleged discrimination [to serve] as the basis for tolling would eviscerate the concept of a limitations period because it implies that a defendant is guilty of fraudulent concealment unless it tells the plaintiff, 'We're firing you because of your age.'"[23]  Here, Plaintiff's argument demonstrates the extraordinarily dangerous consequences that could result from permitting equitable tolling under similar facts.  In essence, Plaintiff's argument is based on the premise that the statutory limitations period does

---

[20] <u>Id.</u> at *10.

[21] <u>Id.</u> at *12 (internal citations omitted).

[22] <u>Id.</u> at *13 (<u>citing</u> <u>Cada v. Baxter Healthcare Corp.</u>, 920 F.2d 446l 451 (7th Cir. 1990); <u>Thelen v. Marc's Big Boy Corp.</u>, 64 F.3d 264, 268 (7th Cir. 1995)).

[23] <u>Thelen</u>, 64 F.3d at 268 (<u>quoted in</u> <u>Evans</u>, 2007 U.S. Dist. LEXIS 87846, at *13).

not begin to toll until one of the defendants has a "moment of truth" and confesses his bad intentions to the plaintiff or openly reveals that the employer openly discriminated against the plaintiff because of a protected characteristic.

### MOTION TO AMEND JULY 10, 2008, ORDER
### AND CERTIFY INTERLOCUTORY APPEAL

17.     In the alternative, Defendants respectfully request that Court amend its July 10, 2008 Order to certify an interlocutory review.

18.     Pursuant to 28 U.S.C. § 1292(b), a court may certify an order for interlocutory appeal, provided: (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion regarding the order; and (3) an immediate appeal could materially advance the ultimate termination of the litigation.

19.     As an initial matter, the question presented involves legal, rather than factual matters. Indeed, even assuming Plaintiff's allegations to be true, Plaintiff cannot, as a matter of law, toll the statute of limitations. The question presented is one of jurisdiction based on timeliness. Consequently, Defendants' request for interlocutory review is based exclusively on questions of law.

20.     A question of law is appropriately certified for interlocutory review if "the question is not settled by controlling authority and there is a substantial likelihood . . . that the district court ruling will be reversed on appeal."[30]

21.     Substantial grounds exist for difference of opinion about the application of the equitable tolling doctrine to the present dispute.[31]

---

[30] Gamboa v. City of Chicago, 2004 U.S. Dist. LEXIS 25105, at *11 (N.D. Ill. Dec. 13, 2004).

[31] See Wieboldt Stores, Inc. v. Schottenstein Stores Corp., 1989 U.S. Dist. LEXIS 5216 (N.D. Ill. May 5, 1989) (noting that novelty and complexity will be key factors when considering § 1292(b)'s substantial-disagreement element).

22. The Third Circuit decided in <u>Hood v. New Jersey Department of Civil Service</u>, that the expiration of a promotion band or position for which the plaintiff has applied starts the running of the statute of limitations.[32]  The United States Supreme Court's decision in <u>Ledbetter</u> establishes that the plaintiff's lack of knowledge of the basis for an alleged discriminatory act does not toll the statute.  As noted above in <u>Evans</u>, this principle applies to Section 1983 claims such as the one at bar.

23. Moreover, an immediate appeal resolving this legal issue would materially advance the ultimate termination of this litigation.  In other words, should the Third Circuit answer the question in Defendants' favor, Plaintiff's claims will ultimately be dismissed.[33]

24. Further, this is an exceptional case justifying the certification of an appeal. "An immediate appeal has the potential to greatly conserve the resources of the judiciary and the parties, particularly in light of the numerous proceedings that have taken place . . . the closely related cases also pending before the Court, and the effort already expended by all involved."[34]

25. As to the final element, federal courts have held that in determining whether certification will materially advance the ultimate termination of the litigation, a district court is to examine whether an immediate appeal would eliminate (1) the need for trial; (2) complex issues so as to simplify the trial; or (3) issues to make discovery easier and less costly.[35]

---

[32] 680 F.2d 955 (3d Cir. 1982) (<u>cited in</u> D.I. 22 at 7).

[33] <u>See</u> <u>Katz v. Carte Blanche Corp.</u>, 496 F.2d 747, 755 (3d Cir. 1974), <u>cert. denied</u>, 419 U.S. 885 (1974).  Accordingly, Defendants have met the first two elements of the well-established test for certifying an interlocutory appeal.

[34] <u>Chase Manhattan Bank v. Iridium Africa Corp.</u>, No. 00-564-JJF, 2004 U.S. Dist. LEXIS 12709 (D. Del. July 9, 2004).

[35] <u>Zygmuntowicz</u>, 828 F. Supp. at 353 (<u>citing</u> <u>In re Magic Marker Secs. Litig.</u>, 472 F. Supp. 436, 439 (E.D. Pa. 1979)).

26.     Certifying the above-stated question presented will give the Third Circuit the opportunity, at the outset, to resolve this case without dragging state officials through an onerous discovery process or protracted and expensive litigation.  As such, Third Circuit review of the question presented above will materially advance the ultimate termination of the litigation; and, accordingly, these questions warrant certification.

## CONCLUSION

Wherefore, Defendants respectfully request that the Court grant their Request for Reconsideration or, in the alternative, certify the controlling question of law to the United States Court of Appeals for the Third Circuit and amend its previous Order of July 10, 2008, to include the following language:  "The Court is of the opinion that this Order and the corresponding Memorandum Opinion involve a controlling question of law as to which there is a substantial ground for difference of opinion, and that an immediate appeal from this Order may materially advance the ultimate termination of the litigation;" and, until further Order, stay the above-captioned matter.

(Continued on next page)

DB02:7013052.2                                                                065896.1001

YOUNG CONAWAY STARGATT & TAYLOR, LLP


*/s/ Barry M. Willoughby*
Barry M. Willoughby (Bar I.D. 1016)
William W. Bowser (Bar I.D. 2239)
Margaret M. DiBianca, Esq. (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601
Facsimile: (302) 576-3282
E-mail: wbowser@ycst.com
*Attorneys for Defendant Governor Ruth Ann Minner*

and

STATE OF DELAWARE DEPARTMENT OF JUSTICE


*/s/ Ralph K. Durstein, III*
Ralph K. Durstein, III, Esquire (Bar I.D. 912)
Deputy Attorney General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
Telephone: (302) 577-8510
Facsimile: (302) 577-6499
E-mail: Ralph.durstein@state.de.us
*Attorneys for Colonel Thomas F. MacLeish and Division*
*of State Police, Department of Safety and Homeland*
*Security, State of Delaware*


DATE:  July 24, 2008