IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORPORAL TIMOTHY SHOCKLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 06-478 JJF |
| | : | |
| GOVERNOR RUTH ANN MINNER, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

By Order dated July 10, 2008, the Court denied Defendants' motion to dismiss.[1] Defendants' motion claimed that Plaintiff's constitutional injury claim was time-barred because the limitations period for Plaintiff to file his claim under §1983 had expired on December 31, 2005. Plaintiff answered the motion by arguing that either or both the discovery rule and the doctrine of equitable tolling extended the limitations period date of promotion cited by Defendants. The Court concluded that the facts alleged by Plaintiff's Amended Complaint were sufficient to defeat Defendants' effort to dimiss the case.

Pending before the Court is Defendants Motion For Reargument or Certification for Interlocutory Appeal (D.I. 24) citing a Supreme Court decision <u>Ledbetter v. Goodyear Tire & Rubber Co., Inc.</u>, 550 U.S. 618 (2007) and a district court case, <u>Evans v. Chicago</u>, No. 07-2941, 2007 U.S. Dist. LEXIS 87846 (N.D.

---

[1] A discussion of the facts is presented in Memorandum Opinion issued July 10, 2008 (D.I. 22).

Ill. Nov. 29, 2007), both unavailable when Defendants filed their motion.

In sum, Defendants contend that the Ledbetter case rejected a Title VII as Plaintiff's attempt to avoid dismissal for expiration of the applicable limitations period by asserting a discovery theory, and the Evans case applies the holding in a §1983 context.

The Plaintiff responded to Defendants' motion with several arguments: 1) the Court understood Defendants' dismissal contentions and addressed each by applying the discovery rule and equitable tolling principles; 2) Defendants' incorrectly state the nature of Plaintiff's "savings" argument; and 3) Defendants waived any "Ledbetter" defense.

After Defendants filed their motion, a new statute was enacted known as the "Lilly Ledbetter Fair Pay Act of 2009" which directly addressed the limitation period issue decided in the Ledbetter decision relied upon by Defendants. Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, § 3, 123 Stat. 5 (2009)("Ledbetter Act"). Pursuant to the Court's February 25, 2009 request the parties have submitted their views on the effect of the Ledbetter Act on the pending motion.

The Court has considered the parties' arguments and agrees with Plaintiff that Congress has explicitly overruled the decision and logic of the Ledbetter decision and thereby overruled the Evans decision. Accordingly, the Court must deny

Defendants' motion, and for the same reasons concludes that certification for an interlocutory appeal is not warranted.

    IT IS SO ORDERED.

  March 31, 2009                                            /s/ Joseph J. Farnan
      DATE                                                   UNITED STATES DISTRICT JUDGE